## FORSAITH *v.* STICKNEY.

The declarations of one who has sold for value the note in suit, are not evidence to show that he obtained it by reason of having paid it for the account of the defendant, and that the note was therefore improperly transferred to the plaintiff.

ASSUMPSIT upon a promissory note for $129.42, made on the 24th day of March 1828, by the defendant, and payable to Breck & Colby or bearer, on demand with interest annually, and by them indorsed in blank. There was also a money count.

Plea, the general issue, with a brief statement that one

John Stickney, in pursuance of an agreement he had made with the defendant, paid the note to the payees, took it up and made it his own property, and that the defendant paid the same to John. He also gave notice of a set-off.

The defendant at the trial, gave evidence to show that he and John Stickney in June 1838 made an agreement, that for a certain valuable consideration John should purchase a piece of land described in the agreement, and cause a conveyance to be made to this defendant. That before April 1839, the defendant having been sued upon the note now in controversy by one Thomas Forsaith, John agreed to take it up in consideration that the defendant would relinquish his claim for the stipulated-conveyance of the land; and that in 1842 he actually held the note in his possession, together with a note given by the defendant to another person.

The defendant offered to prove that John Stickney on the day on which the writ in the present action was served, as well as afterward, declared that he took up the note for the defendant. To the admission of the evidence of John Stickney's declarations the plaintiff objected; but the evidence was received.

The plaintiff produced evidence that having a claim against John Stickney, he brought an action against him, to settle which John gave him the note now in controversy, which the plaintiff, without any notice of any such agreement between the defendant and John as is set up received in payment of his claim. He further produced evidence that many years previously the defendant had given a bond with condition to support John and his wife, being his parents, and that the note was taken up by John at the request of the defendant, who promised to pay it in the following fall.

The court instructed the jury, that if John paid the note to the payees in pursuance of an agreement with the

defendant to do so in consideration of his relinquishment of his claim for a conveyance of the land, this action could not be maintained. But if he took up the note to accommodate the defendant, who agreed to pay it to him, that such an act was not a payment; that the plaintiff if he received it for value might maintain the action.

The jury returned a verdict for the defendant, which the plaintiff moved to set aside.

*Leland,* for the plaintiff.

*Hubbard,* for the defendant.

WOODS, J. It appears that the note in question passed from the payees to John Stickney who paid value for it, and was presumptively the holder of it in the ordinary course of business. The burden was upon the defendant to show that the transaction by which John became the holder was a payment for the defendant's benefit. To prove that fact the court admitted the declarations of John, made after the action had been commenced, and of course after the note had passed from his possession. There does not appear to be any principle upon which such evidence could have been admitted. John Stickney might have been made a witness by the defendant.

The verdict must be set aside and a

*New trial granted.*